**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CH Holding Company, et al.**

           **Plaintiffs,**               **Civil Action No.: 12-CV-10629**

        **vs.**                    **District Judge David M. Lawson**

                                      **Magistrate Judge Mona K. Majzoub**

**Miller Parking Company, et al.**

           **Defendants.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL [25]

This matter comes before the Court on Plaintiffs' Motion to Compel Defendants to Provide Complete Responses to Plaintiffs' Interrogatory and Request for Production of Documents to Defendants. (Docket no. 25.) Defendants filed a response (docket no. 29), and the Parties filed a Joint Statement of Resolved and Unresolved Issues (docket no. 33.) The motion was referred to the undersigned for decision. (Docket no. 26.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

**I.**     **Background**

Plaintiffs filed their 14-count complaint in Oakland County Circuit Court alleging that Defendants, through conspiracy, improper management, fraud, conversion, and breach of constructive trust, misappropriated funds of Miller Parking Company and Miller Parking, LLC, in an attempt to sidestep a judgment obtained against Defendants in a separate action. (*See* Docket no. 1.) Defendant Miller Parking Company, LLC, filed a voluntary bankruptcy petition on October 7, 2009, and on February 13, 2012, in accordance with 28 U.S.C. § 1446(a) and Fed.R.Bankr.P. 9027(a)(1), Defendants removed the action to this Court. (*Id.* at 2.)

On May 18, 2012, Plaintiffs served Defendants with Plaintiffs' Interrogatory and Request for Production of Documents to Defendants. (Docket no. 25 at 8-20.) The parties now dispute the sufficiency and timeliness of Defendants' document production in response to Plaintiffs' request.[1]

## II.    Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court

---

[1] Plaintiffs' request included a single interrogatory: "Identify all persons participating in the preparation of the responses to the Request for Production of Documents." (Docket no. 25 at 14.) Thus, the Court will only address Plaintiffs' Request for Production of Documents herein, and any order requiring Defendants' production of documents will also require Defendants to answer Interrogatory No. 1 with respect to the persons who participated in preparing such a response.

grants a Rule 37 motion to compel, then the court must award reasonable expenses and  attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.  Fed.R.Civ.P. 37(A)(5)(a).

## III.   Analysis

Plaintiffs' Request for Production of Documents included 15 requests.  Plaintiffs served their requests on May 18, 2012; thus, under Rule 34, Defendants' Responses were due on or before June 18, 2012.  *See* Fed.R.Civ.P. 34(b)(2)(A).  The parties do not dispute that Defendants did not respond by June 18.  (Docket no. 29 ¶ 3.)

Plaintiffs argue that Defendants' failure to respond in a timely manner serves as a waiver of Defendants' objections, and Plaintiffs ask the Court to enter an order compelling Defendants to respond fully and without objection to Plaintiffs' Request for Production of Documents.  (Docket no. 25 at 3.)  Plaintiffs also request that the Court award Plaintiffs their costs and fees associated with this motion.  (*Id.*)

Defendants draw the Court's attention to a June 25, 2012 pretrial conference held by Judge Lawson wherein Defendants informed the Court and Plaintiffs that Defendants were having trouble responding to Plaintiffs' discovery requests in a timely manner because defense counsel did not want to "'dump' a load of documents on opposing counsel."  (Docket no. 29 at 6.)  Defense counsel also advised everyone in attendance that "the bankruptcy trustee . . . had seized an entire office full of documents that were not yet accessible (sic) to the Defendants and their counsel."  (*Id.*)  Defendants claim that sometime during that pretrial conference, "[Plaintiffs' counsel], in a gentlemanly fashion, assured Defendants' counsel there would be no difficulty in granting leeway with respect to the responses in view of what he knew was already an enormous document production."  (*Id.* at 7.)

Plaintiffs filed their Motion to Compel on August 9, 2012. (Docket no. 25 at 6.) Defendants assert that during the week of August 20, 2012 (the week before they filed their Response), Defendants were granted access to the bankruptcy trustee's file room that contained all of Defendants responsive documents. (Docket no. 29 at 7.) Defendants contend that although complete document review was impossible because of the space available, Defendants forwarded an interim response to Plaintiffs' document requests before filing their Response to the instant Motion.[2] (*Id.* at 7-8.) Thus, Defendants argue that Plaintiffs acquiesced in the delayed document production, that the Court was aware of the delay, and that Plaintiff's Motion should, therefore, be denied.[3]

In the parties' Joint Statement, they indicate that none of their issues have been resolved.[4] (Docket no. 33 at 2.) Later in the same document, however, Plaintiffs acknowledge that "[o]n August 27, 2013, the Miller Defendants served proposed responses . . . to the Requests . . . which (2) contained numerous objections to the Requests and (ii) provided that *certain* documents were available for review at the offices of the Miller Defendants' counsel and that others would be

---

[2]Defendants note that they have made arrangements to rent additional space for document review. (Docket no. 29 at 7.)

[3]Defendants also claim that Plaintiffs failed to confer with Defendants as required under Fed.R.Civ.P. 37(A)(1) and E.D. Mich. L.R. 7.1 before filing their Motion. Plaintiffs claim that they did attempt to confer with Defendants and that Defendants failed to respond. Although both parties claim that they sent emails evidencing such communication, the Parties have not provided any support for their contentions other than the conclusory allegations contained in their briefs. Nevertheless, because the parties have been unable to resolve this dispute in the nearly 3 months since Plaintiffs filed their Motion, the Court finds it unlikely that Defendants would have acquiesced in Plaintiff's Motion to Compel. Therefore, the Court will not deny Plaintiffs' Motion on these grounds.

[4]Defendants attempt to narrow the issues to Requests for Production Nos. 6, 7, and 8, but Plaintiff does not appear to accept this characterization. (Docket no. 33 at 4.) Thus, for purposes of Plaintiffs' Motion, the Court will consider all of the Document Requests unresolved.

provided when counsel for the Miller Defendants' completed its review of such document." (*Id.* at 4.)  The parties have not provided the Court with a copy of Defendants' Proposed Responses.  Moreover, the Rule 34 does not provide for "Proposed Responses."  Thus, however characterized by Plaintiffs or titled by Defendants, the Court will accept Defendants' August 27, 2012 response as their initial response to Plaintiffs' Request for Production.  As of October 10, 2012, however, Defendants had provided no additional discovery responses.  (*Id.*)

It appears to be undisputed that the Parties had no communication regarding discovery between May 18, when Plaintiffs served their Request for Production, and the June 25 status conference.  Thus, Defendants do not even claim to have requested an extension for the production of documents before June 18, when such production was due under Rule 34.  Therefore, the Court could compel Defendants' production without objection on that basis alone.

Nevertheless, the discovery rules are based on a system of good faith and common sense from counsel:

> The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions.  That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985).  It is undisputed that Defendants have an arduous task in front of them with respect to document production in this matter.  And it is undisputed that at the time of Plaintiffs' request, many (if not all) of the documents that Plaintiffs sought from Defendants were solely in the possession of the bankruptcy trustee.  Thus, it would be inequitable to sanction Defendants for a failure to produce

that which they could not produce, particularly when they candidly informed the Court of this issue during a status conference a week after their production was due.

The only issue truly in dispute appears to be whether Plaintiffs acquiesced in Defendants' request for additional time to produce documents in light of the enormity of the production request and the inability to access the documents in the trustee's possession.  Defendants assert that they made such a request and that Plaintiffs agreed; Plaintiffs assert the opposite.

The Parties have provided no evidence in support of their assertions; thus, the Court will use its discretion to determine a resolution in this matter that is cooperative, practical, and sensible under the circumstances.  On August 27, 2012, Defendants served their initial responses to Plaintiffs' production requests.  According to Plaintiffs, these responses included objections and some responsive documents. (Docket no. 33 at 4.)  Thus, the Court will order that these responses serve as Defendants' objections under Rule 34(b)(2)(C), and Defendants' objections will, therefore, be limited to the objections contained therein.[5]

As Defendants indicated, however, supplementation of their responses is required under Fed.R.Civ.P. 26(e).  (Docket no. 29 at 8.)  It has been more than 70 days since Defendants served their initial responses on Plaintiffs, and despite Defendants' statement that they would rent additional space in an effort to "be responsive to the discovery requests," Defendants have not yet supplemented their responses.  (*See id.* at 7.)  Therefore, the Court will order Defendants to supplement their responses to Plaintiffs' Requests for Production of Documents, through full production of responsive documents, and subject to the objections contained in their initial

---

[5]At this time, Plaintiff has not moved to compel Defendants' production over Defendants objections, and Plaintiffs have not responded to Defendants' objections in their briefs on the instant Motion.  Therefore, the Court will not address the merits of Defendants' objections herein.

responses, no later than December 22, 2012.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. Defendants are ordered to supplement their responses to Plaintiffs' Requests for Production of Documents, through full production of responsive documents, and subject to the objections contained in their initial responses, no later than December 22, 2012. Defendants are also ordered to respond to Plaintiffs' Interrogatory No. 1 with respect to the persons who participate in preparing the supplemental responses ordered herein.

**IT IS FURTHER ORDERED** that Defendants' objections to Plaintiffs' Requests for Production of Documents will be limited to the objections contained in their August 27, 2012 responses.

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated:  November 6, 2012          s/ Mona K. Majzoub_____
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE



## <u>PROOF OF SERVICE</u>

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 6, 2012           s/ Lisa C. Bartlett_____
                                  Case Manager