UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CH HOLDING COMPANY, ALAN
ACKERMAN, and CH/BRAND PARKING
ASSOCIATES,

        Plaintiffs,        Case Number 12-10629
                              Honorable David M. Lawson
v.

MILLER PARKING COMPANY, NATHAN
L. MILLER TRUST, ALLISON J. MILLER
TRUST, DAVID M. MILLER TRUST, AMY
M. WEINSTEIN, EMILY WEINSTEIN,
BENJAMIN WEINSTEIN, MATTHEW
STEIN, ANDREW STEIN, JANET STEIN,
MILLER PARKING SERVICES, LLC, JAMES
N. MILLER, and JAMES N. MILLER
REVOCABLE TRUST, U/T/A dated 11/19/98,

        Defendants.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

The matter is before the Court on the plaintiffs' motion for reconsideration of the Court's November 6, 2012 order denying the plaintiffs' motion to remand. The plaintiffs assert that the Court lacks jurisdiction over the case and that the bankruptcy trustee has no standing to pursue the "*alter ego*" claim raised in the complaint. However, all of the issues that the plaintiffs raise in their motion for reconsideration were thoroughly briefed and argued on the motion to remand and were resolved by the Court in its prior order. The plaintiff urges several cases upon the Court in its motion for reconsideration, but as with the related authorities which the Court addressed in its order on the motion to remand, these cases are either inapposite, or plaintiff has misread their holdings. The Court therefore will deny the motion.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

The plaintiff cites *RDM Holdings, Ltd. v. Continental Plastics Co.*, 281 Mich. App. 678, 762 N.W.2d 529 (2008), which the Court addressed in its prior order and opinion. The plaintiff also cites *RCS Engineered Products Company, Inc. v. Himmelspach*, 102 F.3d 223 (6th Cir. 1996), for the proposition that "the corporate veil is pierced only for the benefit of third parties." *RCS* is inapposite because the Sixth Circuit held in that case that a wholly owned subsidiary could not sue its parent corporation on an *alter ego* theory. The plaintiffs have never alleged any parent-subsidiary relationship between the corporations at issue in the present case.

The plaintiffs likewise have misread the holding of *Nieto v. Unitron, LP*, No. 06-11966, 2006 WL 2255435 (E.D. Mich. Aug. 7, 2006), in which employees of the nondebtor defendant corporation alleged that the nondebtor was the "disguised continuance" of a bankrupt predecessor, and therefore under ERISA and the Labor Management Relations Act had assumed the obligations of a collective bargaining agreement signed by the bankrupt entity. The plaintiffs in *Nieto*, unlike those in this case, had a direct relationship with the nondebtor company as its employees, and they asserted their direct claims for breach of the collective bargaining agreement on an *alter ego* theory. It would be illogical to suggest that the bankrupt corporation, or its trustee, could be expected to sue

-2-

its own nondebtor successor to establish the rights of employees of the nondebtor under a collective bargaining agreement that the successor sought to shirk via the predecessor's bankruptcy. The plaintiffs in this case have never alleged that they had any direct relationship with the nondebtor Chicago corporation named as a defendant and have not asserted that it is any sort of successor or continuance of the debtor corporation's operations.

As the Sixth Circuit noted in *RCS*, "an alter ego claim is not by itself a cause of action." 102 F.3d at 226. The standing of any party to pursue its claim on an *alter ego* theory depends on the nature of the underlying claim. As the Court explained in its prior order, the plaintiffs here have simply sought to usurp the bankruptcy trustee's statutory exclusive authority to recover assets which the plaintiffs allege the debtor corporation fraudulently transferred to the nondebtor. The Court need not and will not reiterate the reasons why this is not permitted, and why the claims to those assets suffice to establish "related to" jurisdiction for this Court under the Bankruptcy Code.

Because the plaintiffs seek merely to reargue questions which have already been thoroughly briefed and argued, and on which the Court has already ruled, the Court finds that they have not shown any palpable defect that misled the Court and the parties.

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration [dkt. #43] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: November 27, 2012

-3-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 27, 2012.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL