UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CH HOLDING COMPANY, et. al.,

      Plaintiffs,                  Civil Action No.: 12-CV-10629

      vs.                        District Judge David M. Lawson

                                   Magistrate Judge Mona K. Majzoub

MILLER PARKING COMPANY,
et al..

      Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL [56] AND DENYING THE STEIN/WEINSETEIN DEFENDANTS' MOTION TO QUASH [57]

This matter comes before the Court on Plaintiffs CH Holding Company, Alan Ackerman, and CH/Brand Parking Associates' Motion to Compel Discovery (docket no. 56) and Defendants Amy Weinstein, Emily Weinstein, Benjamin Weinstein, Matthew Stein, Andrew Stein, and Janet Stein's (together, the "Stein/Weinstein Defendants") Motion to Quash Subpoena (docket no. 57). Defendants Miller Parking Company, James Miller, James N. Miller Revocable Trust UTA Dates 11-19-98, Nathan L. Miller Trust, Allison J. Miller Trust, David M. Miller Trust, and Miller Parking Services, LLC (together, the "Miller Defendants") filed a Response to Plaintiffs' Motion to Compel. (Docket no. 62.) And although the Court entered Plaintiffs' and the Stein/Weinstein Defendants' Stipulated Order allowing Plaintiffs to respond to the Stein/Weinstein Defendants' Motion to Quash and allowing the Stein/Weinstein Defendants to respond to Plaintiffs' Motion to Compel by April 29, 2013, no such responses have been filed. (*See* docket no 63.) The Parties did, however, file a

Joint Statement of Resolved and Unresolved Issues on August 2, 2013.  (Docket no. 72.)  The motions have been referred to the undersigned for consideration.  (Docket no. 59.)  The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.     Background

This matter arises out of a failed business relationship between Plaintiffs and Defendant Miller Parking Company.  In April 2007, Plaintiffs filed a Complaint in Oakland County Circuit Court against Bruce Miller, Miller LLC, and CH/Brand Parking Associates.  On June 30, 2009, a jury awarded Ackerman and CH Holding several million dollars in damages.  On October 7, 2009, Miller Parking Company, LLC, filed a voluntary Chapter 11 bankruptcy petition.  (*See* docket no. 1 at 1-5.)

On October 7, 2011, the Trustee appointed in the bankruptcy case instituted an adversary proceeding against the Miller Defendants and the Stein/Weinstein Defendants asserting that they "manipulated the debtors' financial affairs to enrich themselves at debtors' expense and they did so in order to put assets outside the reach of [Plaintiff] Ackerman."  (*Id.* at 3.)  Ackerman objected to the adversary proceedings and to the Trustee's authority to enter into a binding settlement agreement; he then filed this instant lawsuit in Oakland County Circuit Court raising essentially the same claims as those raised by the Trustee.  (*See id.* at 3.)  Defendants then removed the matter to this Court.  (*Id.* at 1-5.)

On May 18, 2012, Plaintiffs' served Defendants with Plaintiffs' Interrogatory and Requests for Production of Documents (the "May Requests").  (*See* docket no. 56-2.)  On November 10, 2012, Plaintiffs served Defendants with another Interrogatory and Request for Production of Documents

2

(the "November 10 Requests"). (*See* docket no. 56-3.) On November 20, 2012, Plaintiffs served Defendants with a third Interrogatory and Request for Production of Documents (the "November 20 Requests"). (*See* docket no. 56-4.) On February 13, 2013, Plaintiffs served on Defendants a Notice of Taking Deposition of James N. Miller. (*See* docket no. 56-5.) And on March 25, 2013, Plaintiffs served on Bienenstock Court Reporting & Video a subpoena under Fed. R. Civ. P. 45 commanding production of the deposition transcripts of Martin Stein and Bruce Miller taken in two previous Oakland County Circuit Court matters. (*See* docket no. 57-1.) Defendants' responses to Plaintiffs' Requests for Production of Documents as well as Defendant James Miller's failure to appear for his deposition are at issue in Plaintiffs' Motion to Compel. The reasonableness and scope of Plaintiffs' subpoena to Bienenstock is at issue in the Stein/Weinstein Defendants' Motion to Quash.

## II.     Governing Law

### A.     Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Rules 34 allows a party to serve requests for production of documents on an opposing party. Fed.R.Civ.P. 34. A party receiving these types of discovery requests has thirty days to respond with

3

answers or objections.  Fed.R.Civ.P. 34(b)(2)(A).  If the receiving party fails to respond to RFPs,

Rule 37 provides the party who sent the discovery the means to file a motion to compel.

Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv).  If a court grants a Rule 37 motion to compel, then the court

must award reasonable expenses and attorney's fees to the successful party, unless the successful

party did not confer in good faith before the motion, the opposing party's position was substantially

justified, or other circumstances would make an award unjust.  Fed.R.Civ.P. 37(A)(5)(a).

Federal Rule of Civil Procedure 45 governs subpoenas and provides that a nonparty served

with a subpoena may make written objections to the subpoena before the time specified for

compliance.  Fed. R. Civ. P. 45(c)(2)(B).  The court must, upon motion, quash or modify a subpoena

if it fails to allow a reasonable time to comply, requires a person to travel more than 100 miles from

where they reside, requires disclosure of privileged or protected material, or subjects a person to

undue burden.  Fed. R. Civ. P. 45(c)(3)(A).   Ordinarily, a party does not have standing to quash a

subpoena directed to a nonparty unless the party claims a privilege or personal right in the

information sought by the subpoena.  *United States v. Wells*, No. 06-10589, 2006 WL 3203905, at

*2 (E.D. Mich. Nov. 3, 2006).  The party seeking to quash a subpoena bears a heavy burden of

proof. *Id.* (citation omitted).  A Rule 45 subpoena duces tecum is a discovery device that is subject

to applicable discovery deadlines.  *McGuire v. Warner*, No. 05-40185, 2009 WL 2370738, at *1

(E.D. Mich. July 29, 2009).

## III.    Analysis

### A.    Plaintiffs' Motion to Compel Regarding the Stein/Weinstein Defendants and the Stein/Weinstein Defendants' Motion to Quash

Plaintiffs' Motion to Compel raises independent issues with regard to the Miller Defendants

and the Stein/Weinstein Defendants.  (*See e.g.*, docket no. 56 at 3.)  In the Parties' Joint Statement,

4

they informed the Court that "Plaintiffs and the Stein/Weinstein Defendants continue to work toward documenting a proposed settlement of all of Plaintiffs' claims against the Stein/Weinstein Defendants." (Docket no. 72 at 2.) Thus, they ask the Court to "continue to hold the Motion to Compel in abeyance with regard to the Stein/Weinstein Defendants, only, pending their efforts to obtain approval of their proposed settlement." (*Id.*) Thus, it appears that the Parties would like the Court to address the Motion to Compel in part and then wait for the Parties to let the Court know when to proceed with the rest. The Parties did not address the status of the Stein/Weinstein Defendants' Motion to Quash.

The parties, however, give the Court no indication of how long it may take to obtain an approval of the proposed settlement. The Stein/Weinstein Defendants have not filed a Response to Plaintiffs' Motion to Compel and Plaintiffs' have not filed a Response to the Stein/Weinstein Defendants' Motion to quash even though such responses were due nearly four months ago. Thus, it appears that negotiating and obtaining approval for the proposed settlement has already been ongoing for some time. The Court will, therefore, deny Plaintiffs' Motion to Compel without prejudice with regard to the Stein/Weinstein Defendants. Should the parties fail to obtain approval for their proposed settlement, Plaintiffs will be permitted to file a new Motion to Compel with regard to the Stein/Weinstein Defendants, provided that such a motion must be filed without unreasonable delay upon determination that the proposed settlement has not been approved. The Court, however, strongly encourages the parties to resolve their discovery issues without court intervention.

With regard to the Stein/Weinstein Defendants' Motion to Quash, it does not appear that the Stein/Weinstein Defendants sought Plaintiffs' concurrence with their Motion as required by E.D. Mich. L.R. 7.1. At a minimum, the Stein/Weinstein Defendants failed to include a statement

informing the Court that such concurrence was sought and denied.  E.D. Mich. L.R. 7.1(a).
Moreover, the Stein/Weinstein Defendants challenge the subpoena issued to non-party Bienenstock,
arguing that there was not enough time to comply with the subpoena, that "defendants [will] incur
an undue burden," and that the transcripts are protected by a confidentiality agreement limiting the
transcripts' use to the litigation in which the depositions were taken.  (Docket no. 57 at 2.)  The
Stein/Weinstein Defendants do not have standing to challenge the subpoena to non-party
Bienenstock because they have not raised a privilege or personal right in the information sought.
Any burden in production would be on Bienenstock, not on the Stein/Weinstein Defendants.  And
to the extent that the asserted confidentiality agreement confers a personal right, such a right would
appear to be held by the individual deponents, Bruce Miller and Martin Stein, who are not
Defendants in this matter.[1]  Therefore, the Court will deny the Stein/Weinstein Defendants' Motion
to Quash.

### C.     Plaintiffs' Motion to Compel Regarding the Miller Defendants

With regard to the Miller Defendants, Plaintiffs assert that the Miller Defendants improperly
objected to Request for Production Nos. 6, 7, 8, and 9 of the May Requests, failed to provide
responsive documents to such requests, and failed to respond at all to their November 10 Request.
(Docket no. 56 at 3, 6.)  Plaintiffs further assert that Defendant James N. Miller failed to appear for
a properly noticed deposition on March 21, 2013.  (*Id.* at 10-11.)

### 1.     Plaintiffs' May Requests for Production

Plaintiffs' May Requests for Production ask Defendants, in relevant part, to produce the

---

[1]Notably, the Stein/Weinstein Defendants did not attach a copy of the asserted
confidentiality agreement to their Motion.

6

following:

> [Request No. 6] Please produce any documents which were provided to you freely, or upon request, by K. Jin Lim, the bankruptcy trustee of Miller Parking Company, LLC.

> [Request No. 7] Please produce any documents which were provided to you freely, or upon request, by Kenneth M. Schneider, as counsel to K. Jin Lim involving in any way the Miller Parking Company, LLC's bankruptcy proceeding and/or Miller Parking Company.

> [Request No. 8] Please produce all correspondence between you and K. Jin Lim relating in any way to the Miller Parking Company, LLC's bankruptcy proceeding, Miller Parking Services, LLC, Miller Parking Company, or any other parties involved in this litigation.

> [Request No. 9] Please Produce all correspondence between you and Kenneth M. Schneider relating in any way to the Miller Parking Company LLC's bankruptcy proceeding, Miller Parking Services, LLC, Miller Parking Company, or any other parties involved in this litigation.

(Docket no 56-2 at 9-10.) With regard to Request Nos. 6, 7, and 8, the Miller Defendants responded as follows:

> Subject to the General Objections, Defendant objects on the grounds that the request is overly broad, ambiguous and seeks to require Defendants to undertake an unreasonable investigation.

(*See* docket no. 56-6 at 9-10.)  With regard to May Request No. 9, the Miller Defendants responded in kind but added the following:

> . . . However, in the spirit of cooperation and without waiving said objection, all responsive non-privileged documents which relate to the specific allegations made in Plaintiffs complaint, to the extent they are in the possession of Defendants, have been categorized pursuant to this particular request and are available for inspection at [Defendant's law firm].

> Defendants further acknowledge that Kenneth M. Schneider recently provided them with several external hard drives containing over 500,000 emails which Defendants have not had the opportunity to review.  In this regard, Defendants note that they also have not had the opportunity to review the files located at the

offices of Kenneth M. Schneider. As a result, these responses will be supplemented accordingly upon review.

(*Id.* at 10.)

Plaintiffs assert that the scope of their requests is narrowly tailored to the issues at hand and the relevant time period because "the activities giving rise to the instant action date back to the early 1990s when Bruce Miller generally began disposing of his assets." (Docket no. 56 at 4-5.) Moreover, Plaintiffs argue, the Miller Defendants have failed to support their general, conclusory objections with any factual assertions regarding burden and expense that would make their production "unreasonable." (*Id.* at 5-6.) With regard to Request Nos. 6, 7, and 8, the Miller Defendants now assert that "[a]ll of the parties knew that Mr. Schneider and K. Jin Lim had commandeered all of the records of Miller Parking and that Mr. Schneider has been more than forthcoming in allowing people to review the documents in his offices." (Docket no. 62 at 3.) The Miller Defendants further contend with regard to Request No. 7 that "[e]ven were there to have been documents from Mr. Schneider that contained suggestions as to evidence, which there were not, they would have been part of settlement negotiations pursuant to Fed. R. Evid. 408." (*Id.*)

The Court agrees with Plaintiffs that Defendants' boiler-plate objections of breadth, ambiguity, and unreasonableness with regard to Request Nos. 6, 7, and 8 are unsupported. Moreover, the Miller Defendants do not even attempt to support these contentions in their Response to Plaintiffs' Motion. Instead, the Miller Defendants raise new objections that they did not include in their initial response. Nevertheless, it appears that the Miller Defendants are claiming that any documents that are responsive to Plaintiffs' Request Nos. 6, 7, and 8 are in the possession, custody, and control of Mr. Schneider and K. Jin Lim, and the Court cannot order the Miller Defendants to produce that which is not in their possession, custody, or control. Therefore, with regard to

8

Plaintiffs' Request Nos. 6, 7, and 8, the Court will order the Miller Defendants to produce any responsive documents that are in their possession, custody, or control.  Moreover, the Miller Defendants will be prohibited from using in this matter any responsive documents that are in their possession, custody, or control that are not produced in accordance with this Order.

With regard to Plaintiffs' Request No. 9, the Miller Defendants assert that they offered to produce any responsive documents (except for privileged communications) for Plaintiffs' inspection at Defendants' law firm.  (Docket no. 62 at 2.)  Such an offer is specifically contemplated under Fed. R. Civ. P. 34 so long as the place and time of inspection is reasonable.  *See* Fed. R. Civ. P. 34(b)(1)(B).  The Court finds that Defendants' response indicating that the documents "are available for inspection" is reasonable, and therefore, Plaintiffs' Motion to Compel a response to their Request No. 9 will be denied as Defendants have already provided a sufficient response.

### 2.    Plaintiffs' November 10 Request for Production

The November Request for Production seeks, in full, the following:

> To the extent not previously produced, please produce all Federal and State Income tax returns from 1997 - 2010 for all Defendants other than Miller Parking Services, LLC.

(Docket no. 56-3 at 7.)  Although the Miller Defendants now raise objections to the November 10 Requests, the Miller Defendants do not deny that they failed to respond to the November 10 Requests.  (*See* docket no. 62 at 4-6.)

In the companion bankruptcy case that accompanies this matter, the Trustee served a subpoena on the Miller Defendants' accounting firm, Deloitte Tax, LLP, seeking documents similar to those requested by Plaintiffs in their November 10 Request for Production.  (*See* docket no. 62-1.)  Non-party Deloitte objected, raising prohibitions from disclosure under the Internal Revenue

9

Regulations, Accountant-Client Privilege, and Attorney-Client Privilege. (*Id.* at 3-5.) The Miller Defendants now "rely on this position taken by Deloitte." (Docket no. 62 at 4-5.) The Miller Defendants further object to Plaintiffs' request as irrelevant because "the Defendants' personal federal and state income tax treatment have no bearing on the alter ego or fraudulent transferee claims encompassing this matter." (*Id.* at 5.)

The Miller Defendants' failure serve a timely response or objection to Plaintiffs' November 10 Request for Production of Documents is fatal as "[a] failure [to respond to a Rule 34 Request for Production of Documents] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Moreover, the Miller Defendants' reliance on Deloitte's objections to a nonparty subpoena in another matter is misplaced, particularly when Deloitte's objections were filed nearly two months *after* the Miller Defendants' response was due. (*See* docket no. 62-1.) Therefore, the Court will order the Miller Defendants to provide full and complete responsive documents to Plaintiffs' November 10 Request for Production of Documents No. 1.

### 3.   The James N. Miller Deposition Notice

Plaintiffs' assert that they noticed the deposition of Defendant James N. Miller for March 21, 2013. Apparently, Defendants' counsel notified Plaintiffs' counsel that they were not available for a deposition on March 21, 2013; neither Miller nor his counsel appeared for the deposition. (Docket no. 56 at 10.) Plaintiffs assert that "[d]espite reasonable and diligent attempts . . . the parties have been unable to reschedule [Mr. Miller's deposition] based upon, among other things, lack of response by counsel for the Defendants." (*Id.* at 11.) The Miller Defendants did not respond to Plaintiffs' Motion to Compel in this regard. Therefore, the Court will grant Plaintiffs' unopposed

Motion and order Defendant James N. Miller to appear for his deposition.  The Court will order counsel to find a mutually convenient time and place for Mr. Miller's deposition, but if the Parties cannot agree on such a date, the Court will allow Plaintiffs' counsel to set a reasonable time and place for Mr. Miller's deposition.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [56] is **GRANTED IN PART AND DENIED IN PART**.

a.   Plaintiffs' Motion to Compel a Response to their May Requests for Production of Documents Nos. 6, 7, and 8 is GRANTED; the Miller Defendants are only required to produce those documents that are in their possession, custody, or control. The Miller Defendants must produce any responsive documents within 21 days.

b.   The Miller Defendants will be precluded from using in this matter any documents responsive to Plaintiffs' May Requests for Production of Documents Nos. 6, 7, and 8 that are not produced in accordance with this Order.

c.   Plaintiffs' Motion to Compel a Response to their May Request for Production of Documents No. 10 is DENIED.

d.   Plaintiffs' Motion to Compel a Response to their November 10 Request for Production of Documents No. 1 is GRANTED.  The Miller Defendants must produce any responsive documents within 21 days.

e.   Plaintiffs' Request to Compel the deposition of James N. Miller is GRANTED. Defendant James N. Miller is ordered to make himself available for a deposition within 21 days at a time and place mutually convenient for the Parties and their counsel.  If the Parties are unable to reach a mutually convenient time and place for

11

Mr. Miller's deposition after a reasonable effort, Plaintiffs' counsel may set the deposition for a reasonable time and place.

f.    Plaintiffs' Motion to Compel discovery responses from the Stein/Weinstein Defendants is DENIED without prejudice.  Should the parties fail to obtain approval for their proposed settlement, Plaintiffs are permitted to file a new Motion to Compel with regard to the Stein/Weinstein Defendants, but such a motion must be filed without unreasonable delay upon determination that the proposed settlement has not been approved.

**IT IS FURTHER ORDERED** that the Stein/Weinstein Defendants' Motion to Quash [57] is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated:  August 26,  2013      s/ Mona K. Majzoub _____
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 26, 2013      s/ Lisa C. Bartlett _____
                              Case Manager

12