UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CH HOLDING COMPANY, ALAN
ACKERMAN, and CH/BRAND PARKING
ASSOCIATES,

        Plaintiffs,        Case Number 12-10629
                                                  Honorable David M. Lawson

v.

MILLER PARKING COMPANY, NATHAN
L. MILLER TRUST, ALLISON J. MILLER
TRUST, DAVID M. MILLER TRUST, AMY
M. WEINSTEIN, EMILY WEINSTEIN,
BENJAMIN WEINSTEIN, MATTHEW
STEIN, ANDREW STEIN, JANET STEIN,
MILLER PARKING SERVICES, LLC, JAMES
N. MILLER, and JAMES N. MILLER
REVOCABLE TRUST, U/T/A dated 11/19/98,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
AND MILLER DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT**

On September 12, 2013, the Court entered its order granting in part the defendants' motion for judgment on the pleadings as to counts I-VII, X, and XI of the complaint, finding that those counts were in substance an attempt by the plaintiffs, the principal creditors and largest claimants in the Miller Parking Company, LLC (Miller Detroit) bankruptcy case, to make an end-run around the bankruptcy process and seize allegedly fraudulently transferred assets of the estate for themselves.  The Court also found that the right to recover those funds resided in the bankruptcy trustee alone, and the Court dismissed the challenged counts without prejudice.  The Court also found that counts VIII, IX, and XII through XIV alleged only state law conversion and trespass claims against Miller Parking Services, LLC, a non-debtor entity that acquired certain assets of

Miller Detroit after the bankruptcy. The Court therefore remanded those claims to state court, where they remain pending.

On September 26, 2013, the plaintiffs filed their motion for reconsideration, which simply reargues the same position advanced in their opposition to the motion for judgment on the pleadings. On October 7, 2013, the Miller defendants (James N. Miller and his various family trusts) filed their motion for relief from judgment, contending that the counts remanded to state court should be retained by this Court because of certain factual representations about the substance of those claims made by the *CH Holding* plaintiffs at a post-remand status conference in the state court. The parties have asked the Court to refrain from ruling on these motions because some of them are attempting to negotiate a "triangular settlement," and they do not want to incur the expense of perfecting a timely appeal. However, the state court judge has expressed an interest in proceeding with the state law claims, without the possibility of a reversal of the remand decision.

In their motion for reconsideration, the plaintiffs contend that under Michigan law the bankruptcy trustee is barred from pursuing an "alter ego" action to recover the fraudulently transferred funds. Therefore, the plaintiffs believe, they should be allowed to proceed with those counts in this Court. But the Court has rejected those contentions already and there are no fresh arguments here. The Court will grant a motion for reconsideration only if the moving party shows (1) a "palpable defect," (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is "obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). "[M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable

implication, shall not be granted." E.D. Mich. LR 7.1(h)(3). The plaintiffs have failed to show any palpable defect in the Court's previous ruling or any way in which the Court or parties were misled. The plaintiffs' motion seeks merely to relitigate the same issues already considered and decided by the Court in its order dismissing and remanding the plaintiffs' claims, and it relies on the same authorities previously cited by the plaintiffs. The motion for reconsideration will be denied.

The Miller defendants have filed their motion for relief from judgment seeking to have the Court "retain" the state law conversion, trespass, and unjust enrichment counts that were remanded to state court. The defendants concede that their understanding prior to remand was that those counts named only non-debtors and did not implicate the bankruptcy estate, and that "the pleadings, as they stand, suggest that monies from parking revenues were diverted after the bankruptcy filing by Miller Parking, LLC under the aegis of James Miller to fund 'post bankruptcy matters.'" But they contend that "[n]ow, it appears that that was never the intent of the Plaintiffs." The defendants base this contention on representations made at a hearing in the state court after remand:

> At a pretrial held before the Oakland County Circuit Court on October 3, 2013, Judge Shalina Kumar presiding, counsel for the Plaintiff in the underlying state case indicated that the vast majority of the claims regarding these two counts centered on monies that were alleged to have been paid by CH Holding Company and/or CH/Brand Parking Associates from the proceeds of revenues arising from a parking lot adjacent to the Old County Building in Detroit to fund the defense of the underlying Defendants in the original state claim. The Judgments in that case gave rise to the multi-million dollar verdict that led to the bankruptcies of both Miller Parking Services, LLC and Bruce Miller. Although exact numbers have not been stated, information provided by opposing counsel is that approximately $900,000 in fees paid to the Dykema law firm to defend Miller Parking and Bruce Miller in the state court action were monies that should have remained in CH Brand Holding Company.

*CH Holding*, 12-10629, Def.'s Mot. [dkt. #79] at 3 (Pg ID 1246).

The Miller defendants argue that because they are now "required" to name other bankrupt parties as joint tort-feasors in the state-court action (e.g., the estate of Bruce Miller), continuing the action in state court — with the requisite need to seek leave from the bankruptcy court in order to proceed — will be a "procedural nightmare," and their rights will be threatened because they cannot adequately pursue them in a state court, which lacks jurisdiction to hear their possible third-party claims against a bankrupt entity.

The plaintiffs respond that this Court correctly determined that it lacks jurisdiction over the state law claims, and that any speculative fears that the Miller defendants now harbor about the need to seek recovery against bankrupt third-parties does not give this Court jurisdiction to hear the exclusively state-law claims that have been remanded.

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). Rule 60(b)(6) also permits the court to grant a motion for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Miller defendants rely on subparagraphs (1), (2), and (6).

The Sixth Circuit has "recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985). When applied under subsection (1), the word "mistake" has been held to include "any type of mistake or error on the part of the court," including a legal

mistake. *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) (citing *Oliver v. Home Indem. Co.*, 470 F.2d 329 (5th Cir. 1972)). Nonetheless, a motion based on Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (internal quotation marks omitted). A party may not use Rule 60(b) "as an occasion to relitigate its case." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004). A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

Rule 60(b)(2) states that a court may grant relief from judgment when presented with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail on a motion for relief from judgment on that basis, "the moving party must show that it used due diligence in obtaining the information and that the evidence is so material that it is outcome determinative." *Crawford v. TRW Automotive U.S. LLC*, 560 F.3d 607, 615 (6th Cir. 2009).

The Sixth Circuit has held that a court may grant relief under Rule 60(b)(6) "'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001)). In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011) (quotation marks omitted). But this provision

"confers upon the district court a broad equitable power to 'do justice.'" *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). It "empowers district courts to revise judgments when necessary to ensure their integrity." *Ibid.* "[A] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

The Miller defendants have not established any "mistake," "fraud," "newly discovered evidence," or "other reason" that would justify the extraordinary remedy of vacating the Court's judgment and "recalling" remanded claims to this forum. The defendants' speculation that they "may be required" to give notice to the plaintiffs that certain debtor parties should be named as joint tortfeasors does not suffice to create either new evidence or to show any mistake of fact made by the Court regarding the state of the pleadings as they stood when the case was removed to this Court and when the state-law remnants were remanded. The remanded counts are asserted only against defendants Miller Parking Services, LLC and James Miller, and they allege that James Miller and his company (neither of whom are bankrupt or debtors) mishandled certain parking revenues from lots that they operated while under a contract with the plaintiffs. If the plaintiffs seek to amend their pleadings to add claims that would implicate the Court's bankruptcy jurisdiction by seeking directly to recover funds that are the property of either the Bruce Miller or Miller Parking bankruptcy estates, then the defendants may seek their relief by taking appropriate action to remove the dispute to a federal forum.

There is no basis to reconsider the plaintiffs' arguments interposed against the defendants' motion to dismiss, and there are no grounds to reclaim the remanded claims under Rule 60(b).

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration [dkt. #77] is **DENIED**.

It is further **ORDERED** that the Miller defendants' motion for relief from judgment [dkt. #79] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 12, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 12, 2014.

s/Shawntel Jackson  
SHAWNTEL JACKSON

---